IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JIMMIE BYNUM                                                                                           PLAINTIFF

v.                                       Cause No. 1:15-cv-01058

ARMSTRONG WORLD INDUSTRIES, INC.                                              DEFENDANT

### REPORT AND RECOMMENDATION
### OF A UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant's Motion to Dismiss.  ECF No. 7.  With this Motion, Defendant claims Plaintiff's case should be dismissed pursuant to Rule12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.  *Id.*   Plaintiff has not responded to this Motion.  Upon review, the Court recommends Defendant's Motion to Dismiss (ECF No. 7) be **GRANTED**, and Plaintiff's case be dismissed without prejudice.

On August 31, 2015, Plaintiff filed a *pro se* Complaint against Defendant, Armstrong World Industries, Inc.  ECF No. 1.  Because Plaintiff filed this lawsuit *pro se,* the U.S. Marshal's Office served Defendant.  ECF No. 5.  Thereafter, on March 24, 2016, Defendant filed the current Motion to Dismiss, claiming this case should be dismissed pursuant to Rule 12(b)(5) and 12(b)(6).  ECF No. 7.  Plaintiff did not file a response.  Accordingly, on May 10, 2016, this Court entered a show cause order directing Plaintiff to respond to this Motion by May 27, 2016.  ECF No. 10.

In this order, the Court advised Plaintiff as follows: "**Plaintiff must respond to this Order by May 27, 2016.  If Plaintiff does not respond by May 27, 2016, his case is subject to a recommendation of dismissal for failure to prosecute.**"  ECF No. 10 (emphasis in the original).  Despite this warning, Plaintiff still has not responded to Defendant's Motion.  It has now been over two months since Defendant's Motion was filed, which is well beyond the deadline for responding to a motion.  *See* Local Rule 7.2(b) (allowing 14 days for a response).

Based upon these facts and Plaintiff's failure to prosecute this action, I recommend Defendant's Motion to Dismiss (ECF No. 7) be **GRANTED**, and this case be dismissed without prejudice.  *See* FED. R. CIV. P. 41(b).  *See also Link v. Wabash R.R. Co.,* 82 S.Ct. 1386 (1962) (recognizing that consistent with Rule 41(b) of the Federal Rules of Civil Procedure, a district court has the "inherent power" to dismiss a case *sua sponte* without providing a hearing).

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED** this **8th day of June 2016.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE